UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

Defendants.

CASE NO. C17-0562RSL

ORDER DENYING MOTION TO
STAY PROCEEDING

This matter comes before the Court on "Defendants' Motion to Stay Proceedings Pending Decision on Motion to Transfer." Dkt. # 11. Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds as follows:

On February 2, 2017, plaintiffs, ACLU affiliates in Washington, Montana, and North Dakota, made a request for records from the United States Customs & Border Protection ("CBP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The request seeks information regarding the interpretation and implementation of an Executive Order[1] at international airports within the purview of the Seattle CBP Field Office. Plaintiffs requested expedited processing. When defendants failed to respond to the request for expedited

---

[1] The Executive Order was dated January 27, 2017, and titled "Protecting the Nation From Foreign Terrorist Entry Into the United States."

ORDER DENYING MOTION TO
STAY PROCEEDING - 1

processing and failed to produce responsive documents within the time allowed by statute, plaintiffs filed this lawsuit.

At or about the same time, ACLU affiliates around the country filed twelve other lawsuits attempting to force the production of documents related to the way their local CBP Field Offices implemented the Executive Order. On May 8, 2017, defendants filed a motion with the Judicial Panel on Multidistrict Litigation seeking transfer and consolidation of all thirteen actions in the United States District Court for the District of Columbia. Defendants seek to stay this litigation until the motion to transfer is resolved. Defendants assert, and plaintiffs do not dispute, that the motion will likely be heard on July 27, 2017, with a decision issued shortly thereafter. Defendants' response to the complaint in this matter is currently due on June 29, 2017. The parties are to submit a joint status report on July 20, 2017, which will trigger the issuance of a case management order.

Whether to stay proceedings while the Judicial Panel on Multidistrict Litigation considers a motion to transfer is within the sole discretion of the transferor judge. In re Air Crash Disaster at Paris, France, on Mar. 3, 1974, 376 F. Supp. 887, 888 (J.P.M.L. 1974). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). See also Landis v. N. Am. Co., 299 U.S. 248, 254-55 (courts must weigh the competing interests which will be affected by a stay, including the possible damage which may result from granting the stay, any hardship or inequity that may arise if the matter moves forward, and judicial economy and efficiency).

The Court finds that this matter should proceed as currently scheduled. FOIA represents a congressional mandate for full agency disclosure unless information falls within a

clearly delineated statutory exemption. One of its core purposes is to keep the citizenry "informed about what their government is up to," a vital hallmark of a functioning democracy. U.S. Dep't of Defense v. Fed. Labor Relations Auth., 510 U.S. 487, 495 (1994) (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 773 (1989)). The February FOIA requests relate to matters of great public interest and are relevant to on-going legal actions. In addition, local Field Offices may be a primary, if not the best, source for information regarding how the Executive Order was interpreted and implemented, i.e., how the agency performed its duties. Despite the standard 20-day response period (5 U.S.C. § 552(a)(6)(A)(i)), there is no indication that defendants have initiated a search for, much less produced, responsive documents or claimed any statutory exemptions. Plaintiffs' and the public's right to know what the government is up to has already been delayed for more than three months. Given the purposes for which FOIA was enacted, an open-ended stay of this litigation would be prejudicial.

Plaintiff has alleged multiple violations of FOIA, namely that defendants failed to comply with the 20-day deadline, failed to make the requested records available, and failed to timely resolve the request for expedited processing. If this matter is not stayed, defendants will be required to file a motion to dismiss or to answer plaintiffs' allegations before the MDL considers the motion to transfer. They will also be required to confer with counsel regarding case management procedures and deadlines. Defendants argue that the thirteen pending lawsuits are substantially similar, that defendants' investigation and responses will be centralized, and that requiring them to respond to each litigation is unnecessarily duplicative. While there will undoubtedly be some duplication, defendants have not shown that it would rise to the level of hardship or inequity. If defendants are right, the responses and case management proposals throughout the country will be similar, if not identical, and will require little more than a change of caption and formatting to accommodate the various districts in

which these cases are pending. Case management conferences with thirteen sets of opposing counsel will be time consuming, but they can be accomplished via telephone and will not involve any extraordinary expense or delay.

The Court's interest in staying the case at this stage of the litigation is minimal. The procedural and case management orders in this district are standardized, require little judicial involvement, and are designed to move cases toward resolution in an efficient and expeditious manner. Between now and the end of July, there is virtually no risk of inconsistent substantive rulings. At most, there will be a pending motion to dismiss when the MDL decides whether to grant defendants' transfer request. Whether the MDL takes the case or not, the issues raised in the motion to dismiss will be ready for consideration by the assigned judicial officer.

For all of the forgoing reasons, the Court finds that the balance of relevant factors does not warrant a stay. The duplication of effort of which defendants complain does not outweigh plaintiffs' interest in full and timely agency disclosure regarding an issue of on-going national interest. If the current, stipulated schedule remains in place, by the end of July 2017, the case either will have a fully-briefed motion to dismiss ready for consideration or will be moving crisply toward the filing of cross-motions for summary judgment. No judicial inefficiency or waste are likely in the time frame at issue. The motion to stay proceedings (Dkt. # 11) is DENIED.

Dated this 5th day of June, 2017.

_Mhr S Lasnik_

Robert S. Lasnik
United States District Judge